

FILED

OCT 16 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ANTHONY L. EVANS,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN DALY and ERIN DIEHL,<br><br>Defendants. | CV 18-00026-BU-BMM-JCL<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED STATES<br>MAGISTRATE JUDGE |

Defendants have filed a Motion to Dismiss Request for Declaratory Relief

and to Stay Proceedings based upon the doctrine set forth in *Younger v. Harris*,

401 U.S. 37 (1971), as extended in *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir.

2004). Defendants argue these cases require dismissal of Plaintiff Anthony

Evans's request for declaratory relief and a stay of his action for damages while

parallel state court proceedings are pending. (Doc. 16.) Evans did not respond to

the motion. For the reasons set forth herein, Defendants' motion should be

granted.

In light of this recommendation, Defendants' Motion to Stay Discovery and

Vacate the Scheduling Order will be granted.

## I. Factual Background

Evans was sentenced to 40 years with 24 years suspended on July 26, 2001

1

in *State v. Anthony Evans*, Cause No. DC-00-097B. (Judgment, Doc. 17-1.)  He

discharged the prison portion of his sentence on July 10, 2015, and moved to

Bozeman.  (Complaint, Doc. 2 at 3-4 ¶¶ 1-2; Answer, Doc. 12 at 2 ¶¶ 1-2.)

On July 26, 2016, Evans's supervising probation officer, Sean Daly,

accompanied by Erin Diehl, conducted a home visit at Evans's residence.

(Complaint, Doc. 2 at 4 ¶ 3; Answer, Doc. 12 at 2 ¶ 3.)  During that encounter,

Daly reviewed some of the contents of Evans's cell phone, locating pornography

search terms.  (Complaint, Doc. 2 at 4-5 ¶¶ 5-6; Answer, Doc. 12 at 3 ¶¶ 5-6.)

Daly arrested Evans and transported him to the Gallatin County Detention Center.

(Chronological Notes, Doc. 17-2 at 9; Complaint, Doc. 2 at 13 ¶¶ 1-2; Answer,

Doc. 12 at 5 ¶¶ 1-2.)  While there, Daly asked Evans about the pornography

searches on his phone, prompting Evans to make admissions.  (Chronological

Notes, Doc. 17-2 at 9; Complaint, Doc. 2 at 13-15 ¶¶ 3, 5; Answer, Doc. 12 at 5-6

¶¶ 3,5.)

On July 27, 2016, Daly filed a report of violation with the state district court

alleging, among other things, possession of pornography, possession of weapons

and alcohol, lying to his probation officer, and having a smartphone without

permission.  (Report of Violation, Doc. 17-3.)  On August 9, 2016, the State filed

a petition to revoke Evans's suspended sentence.  (Petition to Revoke, Doc. 17-4.)

Evans then absconded and Daly filed an addendum to the report of violation

containing the same allegations but adding additional violations related to his

absconding. (Addendum to Report of Violation, Doc. 17-5.)

Evans appeared in the Eleventh Judicial District Court on December 7,

2017, and denied the allegations in the report of violation. (Minute Entry

12/7/2017, Doc. 17-6.) Evans, through his attorney, subsequently filed two

motions to strike the allegations that he possessed pornography, weapons, and

alcohol; lied to his probation officer; and possessed a smartphone without

permission arguing at least in part that the search of his cell phone violated his

Fourth Amendment rights under the United States Constitution. (Motion to Strike

3/9/2018, Doc. 17-7; Second Motion to Strike 4/4/2018, Doc. 17-9.) The district

court judge denied both motions. (Minute Entry 3/21/2018, Doc. 17-8; Tr.

4/19/18 Hrg., Doc. 17-10 at 5:15-6:4.)

At his probation revocation hearing, Evans admitted to the challenged

violations but reserved his right to appeal the denial of his motions. (Doc. 17-10

at 9:6-14:7; 8:10-9:2.) At the conclusion of the hearing, the district court revoked

Evans's 24-year suspended sentence and committed him to the prison for the

entirety of that term. (Doc. 17-10 at 74:20-75:5; Order of Revocation, Judgment,

& Sentence, Doc. 17-11.) On July 9, 2018, Evans filed a notice of appeal with the

Montana Supreme Court appealing the May 9, 2018 Order of Revocation. (Notice of Appeal, Doc. 17-12.)

## II. Pending Allegations

In his Complaint, Evans raised the following allegations: (1) whether Daly's July 26, 2016 search of his cell phone was done in violation of his Fourth Amendment rights and his privacy rights under the United States Constitution. (Complaint, Doc. 2 at 3); and (2) whether Daly and Diehl failed to advise Evans of his Miranda rights prior to conducting an in-custody interview (Complaint, Doc. 2 at 13).

## III. Analysis

Challenges to ongoing criminal proceedings are barred by the *Younger* doctrine. There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also

applies to federal civil actions requesting money damages where the ongoing state

action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*,

781 F.2d 1448 (9th Cir. 1986)).

"Abstention in civil cases 'is appropriate only when the state proceedings:

(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's

interest in enforcing the orders and judgments of its courts, (3) implicate an

important state interest, and (4) allow litigants to raise federal challenges.'" *Cook*

*v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare,*

*Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint*

*Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 134 S.Ct. 584, 593–94, 187 L.Ed.2d 505

(2013)). Where all elements are met, the court must dismiss claims for equitable

relief because it lacks the discretion to grant such relief, *Beltran v. California*, 871

F.2d 777, 782 (9th Cir. 1988), and stay claims for damages until the resolution of

the underlying criminal proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 968

(9th Cir. 2004).

All the elements of *Younger* abstention are established in this case. First,

there are ongoing state criminal proceedings. Evans has appealed the revocation

of his suspended sentence and specifically reserved the right to appeal the denial

of his motions arguing that retrieving data from his cell phone violated his Fourth

Amendment rights under the United States Constitution. The *Younger* abstention doctrine applies while Evans's case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or Younger purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial."). The Court finds Evans's pending appeal to the Montana Supreme Court to be an ongoing state criminal proceeding.

Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Third, Evans has an adequate opportunity in the state courts to raise federal questions and concerns that affect his federal rights. Evans has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title

46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his federal rights relative to his prosecution.

Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Any decisions regarding whether or not Evans's Fourth Amendment rights were violated when Daly searched his cell phone on July 26, 2016 would interfere with the state criminal appeal that is proceeding on that very issue. Accordingly, all four prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Evans's claims under *Younger*, 401 U.S. 37.

Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Evans has not sufficiently alleged an exceptional circumstance sufficient to avoid abstention.

*Younger* abstention applies differently to claims for monetary damages than

7

it does to claims for injunctive and declaratory relief.  Where injunctive and declaratory relief is sought, a dismissal of those claims is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004).  But, where monetary damages are sought, the federal court should stay the matter under *Younger* rather than dismiss those claims until after the state court proceedings are no longer pending. *Gilbertson*, 381 F.3d at 981-982; *see also Los Altos El Granada Investors v. City of Capitola*, 583 F.3d 674, 689-690 (9th Cir. 2009).  Thus, under *Younger*, Evans's claims for declaratory relief should be dismissed without prejudice and the remainder of the action seeking monetary damages should be stayed pending resolution of the state court proceedings. *Lampley v. Toris*, 2012 WL 846460, *4 (C.D. Cal. 2012); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D.Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed.").

Based upon the foregoing, the Court issues the following:

## ORDER

Defendants' Motion to Stay Discovery and Vacate Scheduling Order (Doc.

18) is GRANTED.

## RECOMMENDATIONS

1.  Defendants' Motion to Dismiss Request for Declaratory Relief and to Stay Proceedings (Doc. 16) should be GRANTED.  Evans's claims for declaratory relief should be DISMISSED WITHOUT PREJUDICE and the remainder of the action seeking monetary damages should be STAYED pending resolution of the state court proceedings

2.  Evans should be directed to file a report on the status of his criminal charges every six months until such time as his criminal charges have been resolved.  If Evans desires to continue with this case after disposition of the criminal charges against him, he must request the stay be lifted within thirty days of completion of the appellate process.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Evans is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of October, 2018.

Jeremiah C. Lynch
United States Magistrate Judge